Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7510 | **DATE** | NOV 0 4 2011 |
| **CASE TITLE** | Ronald Christmas (#K-77467) vs. Warden Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. The petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [For further details see text below.]          Docketing to mail notices.

## STATEMENT

Ronald Christmas, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his first degree murder convictions on the ground that his appellate counsel provided ineffective representation.

The petitioner having demonstrated that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Although the petitioner has paid the statutory filing fee, his i.f.p. status may affect such future considerations as his eligibility for court-appointed counsel.

The petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition and appears to have filed this action in a timely manner.

The court notes that the petitioner filed a previous habeas action. *See Christmas v. Bataglia*, Case No. 06 CV 1897 (N.D. Ill.). However, the prior habeas case seems to relate to a different sentence and conviction. Accordingly, the rules restricting successive habeas corpus actions do not apply to this case. Accordingly, the respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, successiveness, or timeliness arguments it may wish to present.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy **(CONTINUED)**

       mjm

(including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

The petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.