[Order Form (01/2005)]

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7510 | **DATE** | August 15, 2012 |
| **CASE TITLE** | CHRISTMAS V. HARDY | | |

**DOCKET ENTRY TEXT:**

Respondent's motion to dismiss [19] is DENIED.

## STATEMENT

    Respondent Marcus Hardy moves to dismiss Petitioner Ronald Christmas' petition for a writ of *habeas corpus*, arguing that it is barred by the one-year statute of limitations set forth under 28 U.S.C. § 2244(d). Petitioner contends that this petition was filed within the one-year limit because his state court petition for post-conviction relief was lost or misplaced by the clerk's office and was or should have been filed several months earlier. Alternatively, Petitioner requests that this court allow the petition to proceed on the theory of equitable tolling. For the reasons to follow, Respondent's motion to dismiss the petition is denied.

    A petition for post-conviction relief is properly filed for tolling purposes "when it is delivered to, and *accepted by*, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added). While Petitioner has provided evidence that he mailed paperwork to the clerk on November 21, 2007, no evidence indicates that the petition was ever received and filed by the clerk's office. It does not matter if the petition was lost in the mail or in the mailroom at the courthouse; since it was not accepted by the clerk at that time, I must use the May 12, 2008 date when the clerk officially accepted and properly filed the petition for tolling purposes. Accordingly, 322 days of untolled time ran from June 25, 2007 (when petitioner's judgment became final) to May 12, 2008 (when he mailed his state postconviction petition), and 147 untolled days ran from May 25, 2011 (when the state court denied his postconviction PLA) for a total of 469 untolled days, rendering it untimely under § 2244(d).

    However, equitable tolling provides a possible outlet for the petition to survive. Equitable tolling is available only if the petitioner can show (1) that he has been pursuing his rights diligently, and (2) that "extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Tucker v. Kingston*, 538 F.3d

| STATEMENT |
|---|

732, 734 (7th Cir. 2008). Here, Petitioner was diligently pursuing his rights, as he sent three follow-up letters after his initial mailing on November 21, 2007. His ability to pursue his rights any more diligently was hindered by the inaction of the clerk's office, which never responded to Petitioner's inquiries regarding the status of his filing.

The Seventh Circuit has held that a petitioner's negligent misfiling of a petition does not give rise to extraordinary circumstances. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (refusing to apply equitable tolling where the petitioner failed to include the filing fee or a copy of his trust account balance, rendering his petition incomplete). But unlike *Simms,* the "misfiling" in this case was no fault of Petitioner's. It is unclear whether the clerk's office lost the petition or was otherwise negligent in filing it; either way, Petitioner is not to blame. The clerk's failure to file the petition and subsequent failure to respond in any way to Petitioner's repeated inquiries rises to extraordinary circumstances outside of Petitioner's control. I therefore accept Petitioner's timeframe and find that only 296 days passed before the clock was equitably tolled.

For the foregoing reasons, the respondent's motion to dismiss the petition is denied.