# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RONALD CHRISTMAS, <br><br> Petitioner, <br><br> v. <br><br> MICHAEL LEMKE, Warden, Stateville Correctional Center, <br><br> Respondent. | No. 11 CV 7510 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Petitioner Ronald Christmas is incarcerated at the Stateville Correctional Center, where he is serving a life sentence for the first-degree murder of Antoine Smith. He appealed his conviction on several grounds, which was denied by the Illinois appellate court. Petitioner also sought postconviction relief in the state courts, which was also denied. All of his State court remedies have been exhausted. He now seeks a writ of habeas corpus from this Court. For the following reasons, his petition is DENIED.

## I. FACTS

I quote from the Illinois Appellate Court opinion affirming the denial of postconviction relief to lay out the basic facts relevant to this petition:

> About 10:30 p.m. on July 6, 2000, Sergeant Harrison Speakes received a call about a shooting that occurred near 4600 South State Street. There, Speakes saw [petitioner] entering a building at 4555 South State and detained him. Officer Raymond Piwnicki arrived, conducted a field interview and discovered that [petitioner] did not live in the building, was not visiting anyone and had no identification. [Petitioner] was arrested for criminal trespass on State-supported land.

Detective Cyro Komorowski testified that on July 6, 2000, he was investigating the shooting of Thomas Shears. Komorowski learned that [petitioner] had been arrested near the scene of the crime. He also learned that [petitioner's] description was similar in height, weight and clothing to one of the shooters in the Shears case. On July 7, 2000, Komorowski questioned [petitioner], who gave him names of alibi witnesses. After finding that no one corroborated his alibis, Komorowski questioned [petitioner] again on July 8, 2000. About 7:30 p.m. on that date, [petitioner] admitted to shooting Shears and was placed under arrest for murder. On July 9, 2008, at 7:18 p.m. [petitioner] gave a videotaped confession to the Shears shooting and was identified from a lineup as the shooter by an eyewitness, Ronald Parker.

Detective John Murray testified that on July 8, 2000, he was investigating the July 3, 2000, shooting of Antoine Smith and learned [petitioner] was in custody as a suspect for the murder of Shears. [Petitioner] matched the description of the offender in the Smith shooting. After [petitioner] confessed to the Shears shooting, Murray conducted a lineup on July 8, 2000, for the Smith shooting. Eyewitnesses to the shooting, Steven Smith and Charles Gardner, identified [petitioner] as the offender. On July 9, 2000, petitioner confessed to shooting Smith and made a videotaped confession.

In 2002 Petitioner was convicted by a jury of the first degree murder of Thomas Shears (*"Christmas I"*). In 2005, following a bench trial, Petitioner was convicted of the first degree murder of Antoine Smith ("*Christmas II*"). Petitioner unsuccessfully sought relief from his *Christmas I* conviction in the state courts. In May 2006, he sought habeas relief in this court for the *Christmas I* conviction on the grounds that his confessions were the product of an unlawful arrest and thus were inadmissible. The Illinois appellate court had found that Petitioner's July 6, 2000, arrest was indeed unlawful, but it upheld his conviction on the grounds that, based on the factors laid out in *Brown v. Illinois*, 422 U.S. 590, 603-04 (1975), the taint of his unlawful arrest was sufficiently attenuated from his criminal statements such that the statements were admissible. On February 6, 2007, I issued an opinion denying the petition based on my determination that the Illinois Appellate Court's application of the *Brown* factors was neither contrary to, nor an unreasonable application of, United States Supreme Court precedent. 28 U.S.C. § 2254(d).

2

Petitioner subsequently appealed the *Christmas II* conviction, which was denied by the Illinois Appellate Court. Petitioner then filed in the Circuit Court of Cook County a postconviction petition in which he argued that he was denied effective assistance of counsel on direct appeal of *Christmas II* because his attorney failed to challenge the Illinois Appellate Court's earlier ruling in *Christmas I* that the confessions Petitioner made following his unlawful arrest on July 6, 2000, were admissible. On July 21, 2008, the trial court summarily dismissed the petition. Petitioner appealed, and the appellate court affirmed the trial court's judgment. On May 25, 2011, the Illinois Supreme court denied Petitioner's postconviction PLA. On October 21, 2011, petitioner filed the instant habeas petition.

## II.     Analysis

In his habeas petition, Christmas alleges that he is being held unlawfully because he was denied his Sixth Amendment right to effective assistance of counsel on direct appeal of *Christmas II*. Under 28 U.S.C. § 2254(d), habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the resulting decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the decision was based on "an unreasonable determination of the facts in light of the evidence presented." The Supreme Court has stated that "[a] state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state-court decision involves an "unreasonable application" of Supreme Court precedent "if the state court applies [Supreme Court] precedents to the facts in an objectively unreasonable manner." *Id*.

So the question before me is whether the Illinois Appellate Court's denial of Petitioner's Sixth Amendment claim (on postconviction review) was contrary to, or involved an unreasonable application of, Supreme Court precedent. The Illinois Appellate Court correctly identified the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), as the proper test to apply to Petitioner's claim. *Strickland* requires a defendant who asserts an ineffective assistance of counsel claim to demonstrate that counsel's representation "fell below an objective standard of reasonableness" (the "performance prong"), *Id*. at 687-88, and that it prejudiced the outcome of the case (the "prejudice prong"). *Id*. at 692.

The Illinois Appellate Court determined that Petitioner could not make an adequate showing under either prong. First, the court noted that Petitioner's claim was "belied by the record"—in fact, appellate counsel on *Christmas II* did revive the argument that the lineup identifications and inculpatory statements made by Petitioner should have been suppressed based on his illegal arrest. (Dkt. Entry. 36, Ex. A). Indeed, that was the entire basis of the *Christmas II* appeal, which Petitioner himself acknowledges on page A-3 of his petition. Petitioner's gripe seems to be with the way appellate counsel *framed* the argument, in that counsel did not directly point out to the appellate court that it had already considered and rejected the argument in *Christmas I*, or explicitly that the appellate court got the *Brown v. Payton* determination wrong the first time around. Instead, appellate counsel raised the substantive argument, but avoided mention of its procedural history.

It is difficult to imagine a scenario in which an attorney's decision not to tell an appellate court that it got something wrong could be considered as falling below an objective standard of reasonableness. All the more so in this case: had appellate counsel framed the argument in the manner Petitioner urges, it would only have *hurt* Petitioner's chances because it would have

4

directly alerted the appellate court that the argument was subject to issue preclusion, having been fully litigated between the same parties in *Christmas I*. Of course, it is even harder to imagine how I could find the appellate court's determination that counsel's performance was not constitutionally defective to itself be objectively unreasonable. Petitioner has failed to make an adequate showing on the performance prong. Nor can Petitioner possibly demonstrate prejudice—on postconviction relief the appellate court did reconsider its *Brown v. Payton* analysis and confirmed that it would have upheld its *Christmas I* decision no matter how appellate counsel had framed the argument, and notwithstanding additional authority that Petitioner believes appellate counsel should have put forward.

The habeas petition is DENIED. I decline to grant a certificate of appealability—Petitioner has not made a "substantial showing" that his Sixth Amendment right to effective assistance of counsel was denied. 28 U.S.C. § 2253(c)(2).

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: July 8, 2013